[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: INTERVENTION 
Karyn and Matthieu were committed to the Department of Children and Families (DCF) on September 17, 1998 based on a June 19, 1998 petition. The commitment has been extended twice to September 17, 2000. The mother died on November 5, 1998. Termination petitions for both children were filed January 5, 2000 naming the father as the sole parent. The father failed to respond; on March 21, 2000, the father's paternal rights were terminated and the Commissioner of DCF was appointed statutory parent.
Referencing Practice Book § 26-1(k)(3) and Conn. Gen. Stat. §46b-57, the maternal great aunt and uncle of the children have moved to intervene six month post termination. They have not previously sought intervention, nor are they parents, foster parents, or guardians; subject to judicial supervision, the Commissioner of DCF as statutory parent/custodian has prime responsibility for the best interest of these CT Page 16294 two children. Following hearing, an opportunity was provided the parties to file written comments.
The movers suggest that the termination petition did not address the guardianship rights of the mother so they can maintain a derivative legal status. The reason DCF did not include the deceased mother was she had no guardianship rights after her death. The father was the sole guardian when the termination petition was filed. Conn. Gen. Stat. § 45a-606.
At the request of the attorney for the children, a guardian ad litem for Karyn was appointed on August 31, 2000.
DCF, the guardian and the attorney for the child object to the motion, but not to visitation issues.
The motion is partially granted.
 I. 
The movers concede they have known the children only following the mother's death in November, 1998 when they apparently began a visitation arrangement which was withdrawn on September 6, 2000 by DCF based on therapeutic recommendation. Visitation was left open after further assessment of the children's emotional needs and best interest. DCF would supervise visitation that would occur at a future date (Exhibit D). On June 22, 2000, the great aunt and uncle delivered a handwritten request to this court to "intervene re adoption decision made by DCF of N. B."; in response the court suggested by letter that their request should be directed to DCF with possible Administrative Review (court file).
A DCF Administrative Review, however, is available only to a child, youth, parent or guardian. § 17a-15(c). The movers requested DCF to consider them as potential certified relatives (placement) for the children; the movers's request for a DCF administrative hearing was denied on August 29, 2000 for lack of standing. There had been no DCF denial; in fact, they had never been considered in view of a permanency planning team selection of another family based on best interest. C .G.S. § 17a-15. (Exhibit C). Whatever judicial relief became available at that time was not raised by the parties in this hearing.
 II. 
The sole dispositional issue at a termination trial is whether it is the best interest of the child to end the parent-child status. Custody is a different matter for an appropriate but different proceeding. In reDenzel A., 53 Conn. App. 827, 834-835 (1999); In re Ryan V., CT Page 1629546 Conn. App. 69, 74-75 (1997). Because the movers' rights are derivative and the derivation has divested upon termination, there is some authority that termination would preclude them from exercising post termination interest in the children. In re Jason P., 41 Conn. Sup. 23 (1988).
The movers seek to intervene to play a role in the life of the child; they request a status beyond any claim for visitation under § 46b-59. They seek full or partial custody, care, educational and visitation rights of the children, § 46b-57, or a consultant role to the DCF statutory parent.
A recent Superior Court Juvenile Matters decision denied a writ of habeas corpus and a motion to intervene filed by parents of a terminated father. The extensive and comprehensive legal analysis is accepted by this court and incorporated into this decision. while not concluding that there is a present controversy before the court under § 46b-57.Bridgeman et. al. v. Ragaglia Com. DCF. H12-CP-99-006338-A.
 a. 
Under P. B. § 26-1(k), intervention may be of two kinds: "legal party" (matter of right) or "intervening part" (permissive). The standards for each is provided in Horton v. Meskill, 187 Conn. 187 (1982).
The movers do not have a right to intervene; their participation is not a condition precedent to the court's authority to adjudicate.
On the other hand, their request for intervention was not untimely. They have known the children since November, 1998 and subsequently enjoyed visitation with them. While the children now have an attorney and one has a guardian ad litem plus the oversight of the DCF statutory parent and the court, the movers' interest might be better represented by them and their attorney. There is insufficient data to preclude that possibility and they may assist The court. This court cannot re-litigate the termination or neglect petitions, nor can it become involved in issues of placement, adoption, or adoption agreements. In the discretion of the court to promote the interests of justice under § 26-1(k)(3), the motion to intervene is granted limited to issues, if any, of visitation.
 b. 
Intervention is not automatic under § 46b-57. The family unit must not be intact. While the courts are struggling with new definition of family, after death and termination there is no immediate family for these two children. There must be a preceding independent controversy, CT Page 16296 probably involving at least one parent. Because the termination was decided on March 21, 2000 without appeal, there is no preceding independent controversy. Custody cannot be raised in a termination ease so it is doubtful that this intervention custody motion was appropriate in the termination; if not then, why now ? The movers wish to initiate a custody intervention to re-litigate. Manter v. Manter, 185 Conn. 502
(1981); Doe v. Doe, 244 Conn. 403 (1998); Castagno v. Wholean,239 Conn. 336 (1996); McGaffen v. Roberts, 193 Conn. 393 (1984).
While the movers may be sufficiently "interested" to intervene if other statutory conditions were met, § 46b-57 allows the judge discretion to intervene. Because the conditions have not been met and because the court in its discretion will not permit intervention, the motion, is based on § 46b-57 is denied.
 III. 
Accordingly, the motion is granted under P. B. § 26-1(k)(3) as to visitation issues and denied under § 46b-57.
SAMUEL S. GOLDSTEIN JUDGE TRIAL REFEREE